MACKLEM and others *vs.* MARSH, impleaded, &c.

An objection that the cause was irregularly put upon the calendar, by the plaintiff's counsel, and urged to trial, should be brought before the special term, on motion to set aside the verdict, and cannot be alleged as error after a trial has been had.

It is not a ground of error, affecting the judgment, upon an appeal therefrom.

Where, in an action upon a promissory note, against the indorser, a witness testified that he procured the indorsement of the defendant at the request of the maker, and that the indorser had no interest in the note, or in its proceeds; *Held* that a certificate, given by the witness to the plaintiffs, before the discounting of the note, stating that the note was business paper, was admissible in evidence for the purpose of affecting the credibility of the witness, by showing that he had made a statement at variance with the testimony given at the trial, under circumstances tending to defraud the plaintiffs if the certificate was untrue.

THIS action is founded upon a promissory note for $315, dated June 14, 1861, made by the defendant Ellithorpe, to the order of the defendant Marsh, and indorsed by N. W. Seal, the other defendant. The plaintiffs, who were bankers, discounted the note for Nelson Barstow, in the usual course of their banking business. The defense was usury. Marsh was the only defendant who appeared in the action. On the trial at the circuit, the defendant moved that the case go off for the term, on the ground that it was irregularly put on the calendar, without any notice of trial being given to the defendant. The motion was denied, and an exception taken by the defendant. The jury found a verdict for the plaintiffs, for the amount of the note and interest, and the defendant Marsh appealed from the judgment entered thereon. The other material facts appear in the opinion of the court.

*A. K. Hadley*, for the appellant.

*Henry H. Morange*, for the respondents.

*By the Court*, LEONARD, J. The objection that the cause was irregularly put upon the calendar by the plaintiffs' counsel, and urged to trial, should have been brought before the

special term, on motion to set aside the verdict, and cannot be alleged as error, after a trial has been had. It is not a ground of error, affecting the judgment upon an appeal therefrom.

The court, at the trial, admitted in evidence a certificate in writing, signed by the witness Barstow, that the note, discounted by the plaintiffs on his application, was business paper. The certificate was not admitted to prove that the paper was given for a good consideration, but for the purpose of affecting the credibility of Barstow as a witness for the defendant. Barstow testified that he procured the indorsement of the defendant Marsh at the request of Mr. Ellithorpe, the maker of the note, and that Marsh had no interest in the note or in its proceeds. The indorsement of Marsh was upon the note when the certificate was given, and before the plaintiffs discounted it. The evidence was, in effect, that, as to Marsh, the note had no vitality, and was not business paper. It was inconsistent with his certificate in this respect. The certificate was competent to show that the witness had made a statement at variance with the testimony given at the trial, under circumstances tending to defraud the plaintiffs, if his certificate was untrue; and would thus seriously affect the degree of credit to be attached to his evidence.

His certificate was given to the plaintiffs to induce them to part with their money, and imperiously required a strict regard to truth, as well as in the case of a witness while testifying. A false statement in either case, involved a moral turpitude that would well justify a jury in discrediting the witness.

The evidence was properly admitted, and the judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, January 7, 1866. *Leonard, Clerke* and *Sutherland,* Justices.]